United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SERGEY FIRSOV,

        Plaintiff,

    v.

DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT, et al.,

        Defendants.

Case No.  25-cv-09203-VKD

**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**

**REPORT AND RECOMMENDATION RE DISMISSAL WITHOUT PREJUDICE**

Re: Dkt. No. 1

For the reasons discussed below, this Court directs the Clerk of the Court to reassign this action to a district judge, with the recommendation that this case be dismissed without prejudice, for plaintiff Sergey Firsov's failure to comply with court orders and failure to prosecute this action.

**REPORT AND RECOMMENDATION**

**I.      BACKGROUND**

On October 27, 2025, Mr. Firsov, who is representing himself, filed this action against defendants Deutsche Lufthansa Aktiengesellschaft and Lufthansa CityLine GmbH.[1]  Dkt. No. 1.

On January 16, 2026, the Court issued an order observing that "[d]efendants have not appeared in this action and there is no indication that defendants have waived service of summons or otherwise been properly served."  Dkt. No. 16.  The Court directed Mr. Firsov to file a status report regarding the status of his efforts to complete service on defendants by January 30, 2026.  *Id.*  Mr. Firsov did not timely file a status report by January 30, 2026, as ordered.

---

[1] Because Mr. Firsov paid the filing fee, the Court did not screen Mr. Firsov's complaint pursuant to 28 U.S.C. § 1915(e).  *See* Dkt. No. 11.

On February 5, 2026, Mr. Firsov filed a case management statement in which he indicated that defendants had not been served.  Dkt. No. 17.  The case management statement does not describe the status of Mr. Firsov's efforts, if any, to complete service.

On February 6, 2026, the Court issued an order noting Mr. Firsov's failure to comply with the Court's January 16, 2026 order and directing him to show cause "why this action should not be dismissed for his failure to comply with the Court's order, and his failure to service the complaint and summons on defendants." Dkt. No. 18.  The Court set a show cause hearing for February 17, 2026 at 1:30 p.m. by Zoom video conference and ordered Mr. Firsov to file a written response by February 13, 2026.  *Id.*  Mr. Firsov did not file a written response to the order and did not appear at the February 17, 2026 hearing.  Dkt. No. 19.

## II.    DISCUSSION

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962).  Dismissal nonetheless is a harsh penalty and should be used only in extreme circumstances.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61).

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id*. (quotations and citation omitted).  In view of Mr. Firsov's failure to comply with court orders, failure to serve the complaint and summons, and failure to appear at the show cause hearing, this factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *Id*. (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with

2

docket management and the public interest." *Id*. Mr. Firsov's failure to comply with the Court's orders and failure to prosecute this matter have delayed the resolution of this litigation. Mr. Firsov's non-responsiveness and non-compliance have "consumed some of the court's time that could have been devoted to other cases on the docket." *Id*.

Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id*. (quotations and citation omitted). This factor may be neutral, insofar as defendants have not been served. But while the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the plaintiff's reason for defaulting. *Id*. at 642-43. Despite being given ample opportunity to do so, Mr. Firsov has provided no explanation for his failure to comply with the Court's orders or to pursue this matter. His failure to offer any explanation weighs in favor of dismissal. *See, e.g., Chico v. Wells Fargo Bank*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal."); *cf. Laurino v. Syringa Gen. Hosp*., 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence).

Fourth, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. The Court's February 6, 2026 order to show cause (Dkt. No. 18) cautioned Mr. Firsov that this action could be dismissed for his failure to comply with the Court's order and his failure to serve the complaint and summons on defendants. This factor weighs in favor of dismissal.

Fifth, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 643. Even so, the other four factors weigh in favor of dismissing this action.

## III.    CONCLUSION

As defendants have not appeared in this action, the Court does not have the consent of all parties to magistrate judge jurisdiction and therefore lacks the authority to order the action

United States District Court
Northern District of California

dismissed.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017).  Accordingly, the Court orders this case be reassigned to a district judge with the recommendation that Mr. Firsov's complaint be dismissed without prejudice for failure to comply with court orders and failure to prosecute this action.

Any party may serve and file objections to this report and recommendation within 14 days after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: February 17, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

4